IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:

RACHEL MCCLAIN NICHOLSON,   CASE NO. 25-10937-JCO

DEBTOR.   Chapter 13

## MEMORANDUM ORDER AND OPINION DENYING DEBTOR'S MOTION TO VACATE NOTICE OF TERMINATATION OF AUTOMATIC STAY

This matter came before the Court on the Debtor's Motion To Vacate the Notice of Termination of Stay and 21st Mortgage Corporation's Objection thereto. (Docs. 46, 49). Proper notice of hearing was given and appearances were noted by Attorney Lacy Robertson as counsel for the Debtor, Attorney Kristofor Sodergren as counsel for 21st Mortgage Corporation, and Christopher T. Conte, the Chapter 13 Trustee. Upon consideration of the Motion, Objection, Record, and arguments of counsel, the Court finds that the Debtor's Motion to Vacate is due to be DENIED for the reasons below.

### JURISDICTION

The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§1334 and 157, and the Order of Reference of the District Court dated August 25, 2015.

1

## PROCEDURAL HISTORY AND FACTS

The Debtor, Rachel McClain Nicholson ("Ms. Nicholson"), filed the above-styled Chapter 13 Bankruptcy on April 7, 2025. (Doc. 1). Her schedules reflect her half interest in a 2018 Patriot Revere Mobile Home ("Mobile Home") mortgaged to 21st Mortgage Corporation ("21st Mortgage"). (*Id.* at 17, 25). Her spouse, Tremayne Nicholson ("Mr. Nicholson"), who is not a debtor in the above-styled case, owns the other half interest in the Mobile Home. *Id.* at 17.

Ms. Nicholson filed a prior Chapter 13 which was dismissed on March 18, 2025, for failure to make plan payments. (Case No. 24-11135, doc. 53 ). Mr. Nicholson also filed a previous Chapter 13 which was dismissed on February 28, 2025, for failure to make plan payments. (Case No. 24-11205, doc. 41). Mr. Nicholson filed another Chapter 13 bankruptcy on March 7, 2025.(Case No. 25-10634). Mr. and Mr. Nicholson's separate, successive bankruptcies and mortgage payment defaults precipitated a series of Motions for Relief filed by 21st Mortgage. (See Case No. 24-11135, doc. 38; Case No. 24-11205, doc. 25; Case No. 25-10634, doc.21.)

In this case, 21st Mortgage filed a Motion for Relief on August 11, 2025, alleging post-petition default of $1,703.94 and averring that the value of the Mobile Home was less than the mortgage debt. In resolution of the Motion for Relief, this Court entered a Conditional Denial Order on September 9, 2025, allowing 21st Mortgage to file a claim for the post-petition arrearage and providing in part:

> . . . Movant's Motion for Relief from Stay and Co-Debtor Stay is CONDITIONALLY DENIED; however, should the Debtor default under the contract between the parties by failing to make payments due on or before the 1st day of each month within the next TWENTY-FOUR MONTHS beginning October 2025 and continuing through September 2027, Movant may file with the Court a Notice of Default giving the Debtor twenty (20) days to cure. Said cure payment should be made in a manner where it is received by Movant on or prior to the

twentieth day. A copy of the Notice of Default shall also be mailed to the Debtor and Debtor's counsel within one (1) business day. . .

If the total default amount is not received by Movant by the twentieth day from the date the notice is issued, then Movant may file a Notice of Termination of Stay and Co-Debtor Stay with the Court and mail a copy to the Debtor and Debtor's counsel within one (1) business day. Upon filing the Notice of Termination of Stay and Co-Debtor Stay, the automatic stay and co-debtor stay shall lift without further order from the Court.

(Doc. 41)

On October 7, 2025, and November 6, 2025, 21st Mortgage Corporation filed Notices of Default alleging that the Debtor failed to make payments as required by the Conditional Denial Order. (Docs, 43, 44). The Notices of Default were served on the Debtor and Co-Debtor by regular mail and on Debtor's counsel by electronic transmission the same date they were filed. (*Id.*) On November 28, 2025, the Debtor made an electronic payment in the amount of $851.97. (Doc.46). On December 3, 2025, 21st Mortgage filed a Notice of Termination of Stay and Co-Debtor Stay, indicating that the Debtor failed to cure the November 6, 2025, Notice of Default and that the stay and co-debtor stay were lifted under the Conditional Denial Order. (Doc. 45).

On January 9, 2026, the Debtor filed a Motion to Set Aside the Notice of Termination contending that the electronic payment she made on November 28, 2025, cured the November 6th Notice of Default because she was entitled to another three days to cure under FRBP 9006(f). 21st Mortgage Corporation objected to the Debtor's Motion, maintaining that Rule 9006(f) is inapplicable and the plain language of the Conditional Denial Order controls.

## LEGAL ANALYSIS

Although Federal Rule of Bankruptcy Procedure 9006 provides a general framework for computation of time in bankruptcy proceedings, numerous courts have held that it does not apply

3

Case 25-10937    Doc 52    Filed 03/06/26    Entered 03/06/26 12:49:31    Desc Main
Document      Page 3 of 7

when a fixed date to act is set. *In re Gray*, 492 B.R. 923 (Bankr. M.D. Fla. 2013) (holding that since the order extending the dischargeability deadline set a fixed time to act, Rule 9006 did not apply); *In re Reynolds*, 215 B.R. 89 (Bankr. N.D. Ga. 1997)(Rule 9006(f) did not extend the time for creditor to file proof of claim for three days beyond bar date, though notice of bar date was served by mail); *In re B.J. McAdams, Inc.,* 999 F.2d 1221, 1225 (8th Cir.1993)(Rule 9006(f) did not apply to notice of appeal because the time to file the motions or notice of appeal runs from the entry of judgment, not from service of notice of the judgment); *In re Cloninger*, 197 B.R. 308, 309 (Bankr.E.D.Ark.1996) (if an order provides that a deadline runs from the date the Order is entered, Rule 9006(f) does not apply). Additionally, courts have noted that the purpose of Federal Rule of Civil Procedure 6(e) (which is the same as Rule 9006(f)) is to equalize the time for action available to parties served by mail with that of those served in person. *Oliver v. Russell Corp.*, 874 F. Supp. 367, n.1 (M.D. Ala. 1994); *Matter of Robintech, Inc.*, 863 F.2d 393, 395 (5th Cir. 1989). Hence, Rule 9006(f) is inapplicable when there is no risk of a party who is served personally obtaining an advantage over a party served by mail. *Id.*

Rule 9006 provides in part:

> **(a) Computing Time**. The following rules apply in computing any time period specified in these rules, in the Federal Rules of Civil Procedure, in any local rule or court order, or in any statute that does not specify a method of computing time . . .
>
> **(f) Additional Time After Certain Service.** When a party may or must act within a specified time after being served and service is made by mail or under Fed. R. Civ. P. 5(b)(2)(D) (leaving with the clerk) or (F) (other means consented to), 3 days are added after the period would otherwise expire under (a).

FRBP 9006 (a), (f).

When interpreting a statute or rule, principles of statutory construction require courts to start with the plain language and apply the normal meaning of its words. *Consumer Prod. Safety Comm'n v. GTE Sylvania*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980); *Consol. Bank, N.A., Hialeah, Fla. v. U.S. Dep't of Treasury, Off. of Comptroller of Currency*, 118 F.3d 1461, 1464 (11th Cir. 1997); *Gonzalez v. McNary*, 980 F.2d 1418, 1420 (11th Cir.1993); *Davis Bros., Inc. v. Donovan, 700 F.2d 1368, 1370* (11th Cir.1983). There is no need to look beyond the plain language unless it is ambiguous, such reading would lead to absurd results, or Congress has expressed intent to the contrary. *Hudgins v. City of Ashburn*, 890 F.2d 396, 405 (11th Cir.1989); *Blue Cross and Blue Shield of Ala. v. Weitz*, 913 F.2d 1544, 1548 (11th Cir.1990).

As Rule 9006 states that it applies to any rule or court order that "does not specify a method of computing time. . .," this Court finds such language is clear and due to be construed as written. This reading renders Rule 9006(f) inapplicable here because the Conditional Denial Order specified the method of computing time. The Conditional Denial Order plainly states that ". . . [i]f the total default amount is not **received** by Movant by the twentieth day from the date the notice is **issued**, then Movant may file a Notice of Termination." (Doc. 41). This Court interprets the "twentieth day" timeframe as 20 calendar days from the date the notice is issued as such reading is consistent with the plain language and ordinary meaning of the text. It is undisputed that the Notice of Default was issued on November 6, 2025, and the Debtor failed to remit the payment until November 28, 2025. Since the cure payment was not received by the Movant within 20 days of issuance of the Notice of Default, the Notice of Termination was duly filed by 21st Mortgage.

Equitable Considerations and judicial economy further support denial of the Debtor's Motion. Consistent enforcement of court orders is paramount to the integrity of the judicial process. This Court's interpretation of the Conditional Denial Order timeline comports with the

5

Case 25-10937    Doc 52    Filed 03/06/26    Entered 03/06/26 12:49:31    Desc Main
Document      Page 5 of 7

manner in which countless conditional denial orders have been implemented in this jurisdiction. Equitable considerations do not justify a departure from the local practice because: (1) there is no equity in the property; (2) the Debtor engaged in a pattern of successive bankruptcy filings with the co-owner; and (3) continual payment defaults necessitated 21st Mortgage Corporation's filing of a series of Motions for Relief in the various cases. Thus, there is no compelling reason to ignore the provisions of the Conditional Denial Order and enforcement of its plain language is warranted in the interest of fairness and judicial economy. Accordingly, this Court finds that the Debtor's Motion to Vacate must be denied.

## **CONCLUSION**

Based on the above, it is hereby ORDERED, ADJUDGED, and DECREED that the Debtor's Motion to Vacate the Notice of Default filed by 21st Mortgage Corporation is DENIED.

Dated: March 6, 2026

_____
JERRY OLDSHUE
CHIEF U.S. BANKRUPTCY JUDGE

7